Fremont-Smith, Thayer, J.
On August 1, 2008, the Court dismissed the complaint and entered a default judgment against the plaintiff on defendant’s counterclaim. Subsequently, the Court denied plaintiffs motion to remove the default and to vacate the judgment, and scheduled an assessment of damages on the counterclaim.
After an evidentiary hearing on the assessment of damages, the Court makes the following findings, rulings and order for judgment.
K&G Entrances, Inc. (“K&G”) is in the business of affixing aluminum panels to the exterior of buildings during construction. In May 2006 K&G contracted with the plaintiff, Southern Aluminum Finishing Co., Inc. (“SAF”), for the delivery to it of a number of aluminum panels for a building being constructed in Cambridge. Although the contract did not specify the time period within which delivery was to be made, I credit the testimony of K&G’s treasurer, who negotiated the contract, who testified that it was agreed that delivery would be made within four to five months. The panels were delivered within that time period, but turned out to be of the wrong color. When K&G inquired when correctly colored panels could be delivered to replace the defective ones, SAF informed it that SAF would be unable to do so for at least six additional months. As such a delay was totally unacceptable to the building owner and to the general contractors, K&G requested SAF to ship it unfabricated sheets of aluminum so that K&G could fabricate them itself and affix them to the building. K&G proceeded to do this for an additional cost to K&G of $26,096.45.[1] As K&G conceded that it still owes SAF $21,558.61, its damages consist of the difference, $4,537.84.
SAF contends that the contract contained an express warranty which limited its liabilify for any defects in the product to their repair and replacement. However, in this case the limitation of liability is ineffective because SAF was admittedly unable to replace the panels within anything close to the time period. When a warranty fails of its essential purpose, the recipient of a defective product may recover its damages which result from the contract breach without regard to the warranty’s limitation of damages. G.L.c. 106, §2-719; Boston Helicopter Charter, Inc. v. Agusta Aviation Corp., 767 F.Sup. 363, 374 (D.Mass. 1991).
However, an express disclaimer of consequential damages may remain enforceable even where the warranty has failed of its essential purpose. Canal Elec. Co. v. Westinghouse Elec. Corp., 406 Mass. 369, 375 (1990) .[2] A limitation of warranty to repair and replacement isconsidered to be separate and distinct from a disclaimer of consequential damages, so that the latter will survive unless it is unconscionable. Id. Such a disclaimer has been viewed as not being unconscionable where a “minimum adequate remedy,” such as a refund of purchase price is available. Id.; see G.L.c. 106, §2-719, comment 1.
In the present circumstances the Court concludes that it would be unconscionable to enforce such a disclaimer. Although SAF did agree to ship unfinished aluminum sheets for fabrication by K&G at no additional charge, the Court finds that, in the circumstances here, this did not comprise a minimum adequate remedy. The Court therefore declines to enforce the disclaimer of consequential damages.
ORDER
Accordingly, judgment shall be entered for K&G Entrances, Inc. on its counterclaim in the sum of $4,537.84 plus interest and costs.

K&G had already paid SAF all but $21,558.61 of the contract price, upon delivery of the original panels.

Here, the terms and conditions of sale contain a conspicuous disclaimer, in both bold and capital letters, stating in part that “UNDER NO CIRCUMSTANCES SHALL SAF BE RESPONSIBLE FOR ANY INCIDENTAL OR CONSEQUENTIAL DAMAGE OF ANY KIND OR NATURE,” and the “quotation” similarly disclaims consequential damages.